UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LAIDLAW ENVIRONMENTAL SERVICES
(TOC), INCORPORATED,
Plaintiff-Appellant,

v.

HONEYWELL, INCORPORATED,
Defendant-Appellee.

No. 96-2447

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
William B. Traxler, Jr., District Judge.
(CA-95-473-7-21)

Argued: May 9, 1997

Decided: May 28, 1997

Before RUSSELL and WILLIAMS, Circuit Judges, and
MICHAEL, Senior United States District Judge for the
Western District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Kellum Wright Allen, KIRKLAND, WILSON, MOORE,
ALLEN, TAYLOR & O'DAY, P.A., West Columbia, South Carolina,
for Appellant. Matthew L. Woods, ROBINS, KAPLAN, MILLER &
CIRESI, L.L.P., Minneapolis, Minnesota, for Appellee. **ON BRIEF:**
Kenneth W. Ebener, KIRKLAND, WILSON, MOORE, ALLEN,

TAYLOR & O'DAY, P.A., West Columbia, South Carolina, for Appellant. William H. Manning, Brad P. Engdahl, ROBINS, KAPLAN, MILLER & CIRESI, L.L.P., Minneapolis, Minnesota, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In 1991, Laidlaw Environmental Services (TOC), Incorporated (Laidlaw), purchased a computer-control system from Honeywell, Incorporated (Honeywell), for use at Laidlaw's hazardous waste incinerator plant in Roebuck, South Carolina. Over the ensuing years, the Environmental Protection Agency (EPA) fined Laidlaw approximately $400,000 for violating certain environmental regulations. Believing that its problems with the EPA were caused by programming errors in the computer-control system provided by Honeywell, Laidlaw sued Honeywell for breach of contract, breach of warranties, and negligence.

Following extensive discovery by both parties, Honeywell moved for summary judgment on the ground that, under the express terms of the parties' contract, it cannot be held liable for any of Laidlaw's claims or damages. After extensive briefing and oral argument, the district court granted Honeywell's motion for summary judgment. According to the district court, the plain language of the contract limited Laidlaw to the exclusive remedy of repair or replacement. Laidlaw appeals the district court's order, arguing that a new contract was formed by Honeywell's reference, in its letter confirming the contract, to a purchase order that Laidlaw had sent Honeywell prior to negotiations.

We have reviewed the record, briefs, and pertinent case law in this matter, and we have had the benefit of oral argument. Our review per-

2

suades us that the rulings of the district court were correct. Accordingly, we affirm on the reasoning set forth in the district court's thorough and meticulous opinion. <u>See Laidlaw Envtl. Servs. (TOC), Inc. v. Honeywell, Inc.</u>, C.A. No. 7:95-473-21 (D.S.C. Sept. 18, 1996).

<u>AFFIRMED</u>